*76 The opinion of the Court was delivered by
DargaN, Ch.
This is a bill for an account of the estate of Richard Griffin. The plaintiff is a surviving executor of the decedent; and the defendant is the administrator of Nathan L. Griffin, who was one of the co-executors of the said Richard Griffin.
The accounts were referred to the Commissioner in equity, who, at June Term, 1856, submitted his report. Each party toolc exceptions to the report, and the case came before the Chancellor to be heard on the report and exceptions. The Chancellor overruled all the exceptions, and confirmed the the report. And this is an appeal from that decree, on the same grounds that had been made the grounds of exception to the Commissioner’s report. The grounds are various, and I will take them up for consideration seriatim, and in the order in whieh they are presented in the notice of appeal. And first of the plaintiff’s grounds; the first of which is in the following words:
1. “The two notes under seal against N. L. Griffin were among the specific securities, and choses, that came to his hands as executor, and no act or declaration having proceeded from him indicating that they were treated, or regarded by him as to any extent paid, those notes were not distinguishable from other like securities against other persons in his hands as executor at the time of his death, and ought to have been delivered to the plaintiff as surviving executor, to be disposed of in a due course of administration, and it is submitted, that the Commissioner has erred in not having framed his report upon the accounts accordingly.”
This ground of appeal, and what I have to remark upon it, requires a preliminary statement to make it intelligible.
The defendant’s intestate, N. L. Griffin, was a co-executor with the plaintiff, of the estate of Richard Griffin, and to the time of his decease, was the acting executor. Among the securities belonging to the estate of Richard Griffin, which *77 came into bis bands, were two notes of the said N. L. Griffin to the said Eicbard Griffin, each for the sum of five thousand dollars, dated (both) 15th November, 1850, and payable one the 1st of January, 1852, and the other 1st January, 1853. The said N. L. Griffin died on the 17th February, 1853, after the maturity of both of the notes. These notes, or more properly speaking, the papers evidencing the amounts due on these notes, were found among the papers of the said N. L. Griffin, after his death, without any mark indicating that they were in the conception of the deceased payor satisfied or paid, and without being embraced in his returns to the Ordinary as cash on account. The ground of appeal which I am considering assumes that these notes should be turned over to the plaintiff as surviving executor of Bichard Griffin, as unpaid or unsatisfied securities of his testator’s estate, to be by him collected and administered. The fund due on said notes, into whose hands soever it may be considered as having-fallen, belongs to the estate of Bichard Griffin. The only contest here is as to commissions.
The principle applicable to this state of facts is plain, and well understood. It may be laid down as a rule of universal application, that wherever the character of payor and payee of any debt, or obligation, is blended in the same individual) by operation of law, the debt is paid, and the amount is cash in hand on the accounts of the payee, to the credit of the party entitled to the fund. JEo instanti, it is due by the payee, and will be so considered, in every transaction relative to the matter.
As a consequence of this principle, whenever an executor or administrator, is indebted to his testator, or intestate, the amount for which he is indebted, and then due, will be considered cash in hand at the moment when he assumes upon himself the administration. If the debt be not due at the commencement of the administration, it will be cash on account, to the credit of the estate, whenever it falls due in the course of *78 tbe administration. Applying tbis principle to tbe facts of tbis case, it cannot fail to be perceived tbat tbe amount due on tbe notes of tbe deceased executor, N. L. Griffin, to bis testator, Richard Griffin, must be considered as casb in bis bands to tbe credit of Ms testator’s estate, when those notes became severally due, which was in tbe life time of tbe said N. L. Griffin, and in tbe course of bis administration. Tbe surviving executor, therefore, bad no right to require tbat these satisfied notes (fundi officio, as securities) should be turned over to him. All unpaid securities and tbe balance of casb in tbe hands of tbe said N. L. Griffin .were transferable to tbe surviving executor. Tbis exception to tbe report of tbe Commissioner was properly overruled, and tbis ground of-appeal is dismissed.
Tbe second ground of appeal on tbe part of tbe plaintiff) is, tbat “ so much of tbe debt of N. L. Griffin to bis testator, Richard Griffin, as was discharged by setting off against tbe same the debt from tbe latter to tbe former was never ‘received’ by N. L. Griffin as executor, within tbe meaning of tbe Act of 1789, and tbe Commissioner has erred therefore in allowing to tbe defendant commissions upon tbat sum.”
N. L. Griffin was indebted to bis testator in tbe sum of ten thousand dollars in the manner already stated. He also was indebted to bis testator in several smaller sums due at bis death. He also held a single bill against bis testator for three thousand four hundred and forty dollars and nineteen cents, due 25th October, 1849, with sundry small payments endorsed thereon. Tbe plaintiff contends tbat it is only tbe balance due by tbe testator to tbe executor on a settlement of their mutual demands, that can be considered as having been received by tbe executor, and upon which be would be entitled to commissions as upon money received.
Tbe principle assumed in tbis ground is correct. If there be mutually subsisting demands between tbe testator and bis executor at tbe death of tbe former, or falling due at tbe *79 same time, in tbe course of tbe administration, these mutual debts satisfy each other, in the way of discount and by operation of law in tolo or pro tanto. It is only the balance due the testator on such supposed settlement that the executor can be considered as haring receired, and it is only on such balance that he would be entitled to charge commissions. For illustration: suppose that in this case the testator and his executor were mutually indebted to each other, at the death of the former, in the sum of ten thousand dollars. In this case nothing would' be due on either side, and there would be nothing receired by the executor upon which his right to commissions could attach; and where the account did not exactly balance, as in the present case, the rule would operate pro tanto as far as the mutual indebtedness existed. But there would be some difficulty in applying this rule where the indebtedness was not mutual as to time of payment. If, as in this case, the debt due by the testator to the executor was due presently, and that by the latter to the former was due at a future period, the rule will apply or not according to circumstances. In such case, the executor is not bound to wait until his own debt to the testator falls due, but he may retain for the satisfaction of his debt out of the first or any assets that he may realize. If in this way, the ’ debt due the executor by the testator is satisfied before that due by the former to the latter falls due, their the debt to the testator, when due and payable, will be considered as money received by the executor in the course of administration. In this case we have not sufficienat informtion upon the face of the brief to ascertain how, upon the question here made, and the principles above stated, the accounts should be balanced and adjusted. We are not informed whether the debt due by the testator to the executor was paid by discounting the debt due by the latter to the former, or by funds received before said debt became due. This ground of appeal does not admit of any practical decision for the want of infor *80 mation which should have been furnished by the appellant The appeal is in this respect overruled, and the decree affirmed.
Under this ground of appeal a question was made, whether an executor was entitled to commissions as for receiving a debt due by himself to his testator. I think by a fair construction of the Act of 1789 that he is so entitled. The Act in making a provision for two and a half per cent, commissions to the executor for receiving, in language which would seem to embrace every case of receiving, or being charged as having ■received, by way of exception, and specifically, inhibits the allowance of commissions to the executor for retaining assets in his hands for the payment of a debt due by the testator to himself; by which an executor cannot charge commissions for paying to himself. JExpressio unius, exclusio alterius. A fair interpretation of the Act warrants the allowance of commissions to an executor on his own debt to his testator, whenever the same is considered cash in his hands on the presunqptions of law.
But it is urged that this ground of appeal is not taken properly and with distinctness. On the part of the appellant "it was contended that it was embraced in the second ground of appeal, which has been just disposed of. It would be a strained construction which would consider it to be so embraced. At all events, as that ground of appeal has been overruled for the want of proper and sufficient information, this as an appendage must go overboard with it.
The plaintiff’s third ground of appeal is that “ the interest that has accrued subsequently to the death of N. L. Griffin upon the sum due by him at that date to his testator’s estate cannot be regarded as having been received by him in the course of his administration, or in his character as executor, and the defendant, his administrator, is therefore entitled to no commissions in respect to such interest.”
*81 Between tbe surviving executor of Eicbard Griffin, and tbe administrator of tbe deceased executor, there was a settlement in regard to tbe assets that bad come into tbe bands of tbe deceased executor. On tbe balance due by tbe said deceased executor, interest was charged, and such balance with tbe interest was paid by tbe defendant, bis administrator, .to tbe surviving executor of Eicbard Griffin. Tbis exception is a negation of tbe right of tbe administrator of tbe deceased executor, to charge commissions against tbe estate of Eicbard Griffin for receiving such interest. Tbe exception is well taken. Tbis interest was not money received by bim in tbe course of bis administration. It was interest which bad accrued on a debt due by bim. Tbis ground of appeal is sustained.
Tbe plaintiff’s fourth ground of appeal is “ that tbe moneys received by N. L. Griffin in 1852, (six hundred and fifty-three dollars and twenty-five cents,) should have been added to tbe sum set down as tbe annual balance on tbe first day of January of that year, and from the aggregate should have been deducted tbe sum paid by bim in tbe course of that year, wbicb was one thousand four hundred and sixty-nine dollars and ninety-five cents, and upon tbe balance, interest for that year should have been computed; and tbe report is erroneous in being framed otherwise.” Tbe proposition involved in tbis ground of appeal, presented in a form more abstract and intelligible, may be stated thus: that in stating tbe accounts of an executor, tbe payments of a given year should be presumed to have been made from tbe receipts of tbe same year; leaving where tbe receipts and disbursements are equal, the whole balance against tbe executor, of tbe preceding year, to draw interest for tbe succeeding year; and that when tbe receipts and disbursements of tbe year are not equal, that tbe rule should operate pro tanto. Some of tbe language of tbe Court in Baker vs. Lafitte, 4 Eicb. Eq. 397» seems to give countenance to tbis proposition. But a fair *82 interpretation of what was said in this case, leads to the contrary conclusion. The Court did not mean to overthrow the established rules upon this subject, then considered as settled, and so well understood; but merely to say, that those rules would not be sternly and inflexibly applied to every case, and standing as general rules, they would be made to yield to meet the equity of the case. A statement and account by these rules is merely an approximation to exactitude. Their operation is sometimes more, and sometimes less, favorable to the executor or to the estate. Whenever their operation is against the manifest equity of the case, the rules give way, and the accounts are adjusted on the peculiar equities of the case. This was what was meant to be decided in Baker vs. Lafitte.
This is not one of those exceptional cases, which is to be withdrawn from the operation of the general rule. There is no equity forbidding its application. This ground of appeal is dismissed, and the circuit decree is affirmed in this respect.
I come now to the consideration of the defendant’s grounds of appeal, the first of which is because “the commissioner did not allow the estate of N. L. Griffin commissions on the whole amount of the sale bill, or sale notes, although said N. L. Griffin performed the duties of an executor at the sale and till his death.” To a proper understanding of this, it is necessary to premise, that the testator, Eichard Griffin, in view of his approaching death, which he was conscious was near at hand, had a sale of his whole estate or nearly the whole in his life time; at which sale, his son N. L. Griffin, afterwards his executor, was the agent. He conducted the sale, delivered the property and took the obligations of the purchasers, all of which were made payable to Eichard Griffin, then alive. It is upon the aggregate of this sale, made in the life of the testator, by his son, and agent, after-wards his executor, that the defendant, in this ground of *83 appeal, demands commissions. Tbe claim is extravagant and unprecedented. Tbis ground of appeal is dismissed.
Tbe defendant’s second ground of appeal is as follows: “ tbe commissioner should bave allowed commissions on all moneys paid to "Wm. H. Griffin, executor, by the legal representative of N. L. Griffin; and also on tbe bonds and sealed notes turned over, inasmuch as N. L. Griffin, deceased, omitted to collect said notes, for tbe reason alone, that they were to be treated as cash by tbe distributees in tbe settlement of tbe estate, about to take place when N. L. Griffin died.” Tbe money paid over to Wm. H. Griffin, tbe surviving executor, by tbe legal representative of N. L. Griffin, tbe deceased executor, was not paid out in tbe course of bis administration. It was paid as a debt due by bis intestate ,' upon which be is entitled to charge commissions against tbe estate of bis intestate, but not against tbe estate of Richard Griffin, bis intestate’s testator. See ex parte Witherspoon 8 Rich. Eq. 118. Floyd vs. Floyd, May term, 1856, (not yet reported.) Tbis ground of appeal is unfounded and is hereby dismissed.
Tbe defendant’s third ground of appeal is in these words: ‘‘ That tbe statement of tbe accounts should bave been made as though there bad been a continuous administration ; and tbe payments of each year by Bonham, administrator, to W. H. Griffin, executor, should bave been deducted from tbe annual balance at tbe beginning of such year before reckoning tbe interest for that year. And in no event should interest be computed for tbe month intervening between tbe death of N. L. Griffin, and tbe qualifying of W. H. Griffin as executor, to wit: from tbe 17th February, 1853 to 19th of March, 1858.” Tbe first part of tbis ground of appeal I do not comprehend, and I see no reason why tbe accounts should be stated as if there bad been a continuous administration. But when tbe appellant says, that tbe estate of N. L. Griffin should not be charged with interest on tbe balance in bis bands from bis *84 death on the 17th February, 1853, until his successor in the administration qualified, which was on the 19th March of the same year, he asserts, a correct principle. For it has been decided, that interest does not accrue upon a debt when there is no person legally qualified to receive it.
This part of the exception is sustained.
It is ordered and decreed that the circuit decree be modified so as to conform with this decree; and that the appeals except as herein sustained be dismissed, and that in all other respects the circuit decree be affirmed.
It is further ordered and decreed, that the commissioner do correct his -report as to interest and commissions according to the principles - of this decree. In all other respects, the accounts are to stand as reported.
JOHNSTON, DuNKiN AND Waedlaw, CC., concurred.

Decree modified.